UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-20557-GAYLES/OTAZO-REYES

YADINA RUBI,

    Plaintiff,
v.

YESEIRA DIAZ, *et al.*,

    Defendants.
    _____/

### AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint for Judicial Review and Declaratory Relief [ECF No. 6] filed by Yeseira Diaz, Miami Field Office Director of the U.S. Citizenship and Immigration Services ("USCIS" or "the Agency"), and Kirstjen Nielsen, Secretary of the U.S. Department of Homeland Security (collectively, the "Defendants"). The Court has considered the parties' written submissions and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted and this matter shall be dismissed.

**I.   BACKGROUND**

Plaintiff, Yadina Rubi, is a citizen of Honduras and currently resides in Miami-Dade County, Florida. Plaintiff was admitted to the United States on a nonimmigrant B-2 Visa on November 23, 2007, and was authorized to remain in the United States until May 22, 2008. Plaintiff remained in the United States past the date of her authorized stay. On or about December 7, 2011, Plaintiff's employer submitted a Form I-140, Immigrant Petition for Alien Worker, on behalf of Plaintiff. USCIS approved the application on February 20, 2013. Plaintiff travelled outside of the United States on September 5, 2014, pursuant to a grant of advance parole authorized

1

by USCIS. Plaintiff then reentered the United States on September 14, 2014, and was paroled until September 13, 2015. It is undisputed that Plaintiff was unlawfully residing in the United States from May 23, 2008, until September 5, 2014. On or about April 27, 2015, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to section 245(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a), as a preference employment-based immigrant. USCIS denied her application on November 18, 2015, for failure to continuously maintain lawful immigration status since entry.

Plaintiff filed the instant action for judicial review of the denial of her application for adjustment of immigration status, brought pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, and for declaratory relief pursuant to 28 U.S.C. § 2201. *See* Complaint for APA Judicial Review and Declaratory Relief ("Compl.") [ECF No. 1]. Plaintiff asks this Court to accept jurisdiction over USCIS's denial and eligibility decision of Plaintiff's application to adjust status to that of a lawful permanent resident.[1] She also requests a declaration that USCIS's denial of Plaintiff's application was arbitrary and capricious, or otherwise not in accordance with the law. Plaintiff claims she was eligible for adjustment of status by virtue of her last entry into the United States under a grant of advance parole on September 14, 2014. Plaintiff also seeks an order directing USCIS to re-adjudicate her application. Defendants move to dismiss arguing that the USCIS properly determined that Plaintiff was ineligible to adjust status, irrespective of her grant of advance parole, due to her failure to maintain continuous lawful status since her first entry into the United States.

---

1 For the reasons stated *infra* Section II.B the Court has jurisdiction over the determination of Plaintiff's eligibility, but not for the purely discretionary act of denial of Plaintiff's application.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is considered facially plausible when the court is able to draw a reasonable inference that the defendant is liable based on the factual content pleaded by the plaintiff. *Id.* The "plausibility standard" requires there be "more than sheer possibility that a defendant acted unlawfully." *Id.* A determination of a claim's plausibility "is a context-specific task that requires the reviewing court to draw on its judicial experiences and common sense." *Id.* at 679. It is not enough for a complaint to recite the statutory elements of a cause of action. *Id.* at 678. Allegations within a complaint must be more than conclusory and must have a factual basis. *Id.* at 679.

When reviewing a motion to dismiss, courts accept the allegations as presented in the complaint as true and view those facts "in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The issue before the Court is "'not whether [Plaintiff] will ultimately prevail' . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.  Judicial Review under the Administrative Procedure Act

Under the INA, district courts retain jurisdiction to review purely legal questions regarding USCIS's denial of an application for adjustment of status, but not matters of agency discretion. *See Pinho v. Gonzales*, 432 F.3d 193, 197–98 (3d Cir. 2005). "It is important to distinguish

carefully between a denial of an application to adjust status, and a determination that an immigrant is legally ineligible for adjustment of status." *Id.* at 203. "Determination of *eligibility* for adjustment of status—unlike the *granting* of adjustment itself—is a purely legal question and does not implicate agency discretion." *Id.* at 204. Accordingly, the Court has jurisdiction to review USCIS's determination of Plaintiff's statutory ineligibility to adjust status. *See Mejia Rodriguez v. U.S. Dept. of Homeland Sec.*, 562 F.3d 1137, 1144–45 (11th Cir. 2009) (holding that "*non-discretionary*, statutory eligibility decisions made by USCIS fall outside the limitations on judicial review in the INA").

When reviewing an agency's interpretation of a statute, the Court follows the two-step analysis set forth in *Chevron, U.S.A., Inc., v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984); *See also Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206 (11th Cir. 2015). Under *Chevron*, the Court must first decide "whether Congress has directly spoken to the precise question at issue[;]" if so, the Court "must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842. Second, if the statute at issue "is silent or ambiguous with respect to the specific issue," the Court must determine "whether the agency's [interpretation] is based on a permissible construction of the statute." *Id.* at 842–43. An agency's interpretation "governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the courts." *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009). Similarly, "an agency's interpretation of its own regulation is entitled to deference" unless it is "plainly erroneous or inconsistent with the regulation." *Christensen v. Harris County*, 529 U.S. 576, 588 (2000) (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).[2]

---

2 "In practice, *Auer* deference is *Chevron* deference applied to regulations other than statutes. The agency's interpretation will be accepted if, though not the fairest reading of the regulation, it is a plausible reading…" *Decker v. Northwest Environmental Defense Center*, 568 U.S. 597, 617–18 (2013) (Scalia, J., concurring in part and dissenting in part).

Finally, "deference to the agency is especially appropriate in the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations." *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1250 (11th Cir. 2008) (citing *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999)).

Under the APA, district courts have the power to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "The arbitrary and capricious standard of review is a narrow and highly deferential standard." *Duron v. Swacina* [("*Duron I*")], No. 16-CV-21525-JLK, 2016 WL 7217176, at *2 (S.D. Fla. Dec. 12, 2016), *aff'd sub nom.*, *Duron v. Stul* [("*Duron II*")], 724 F. App'x 791 (11th Cir. 2018) (citing *Nat'l Ass'n of Home Builders v. Def. of Wildlife*, 551 U.S. 644, 659 (2006)). "Under this standard, the Court 'presume[s] the validity of agency action.'" *Duron I*, 2016 WL 7217176 at *2 (quoting *Sw. Bell Tel. Co. v. FCC*, 168 F.3d 1344, 1352 (D.C. Cir. 1999)). Ultimately, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron*, 467 U.S. at 844.

### C.    The INA's Statutory and Regulatory Framework

Section 1255(a) of the INA provides that adjustment of immigration status to that of lawful permanent resident is available to aliens who "(1) have been inspected and admitted or paroled into the United States; (2) made an application for adjustment of status; (3) [are] eligible to receive an immigrant visa and be admissible to the United States for permanent residence; and (4) have an immigrant visa immediately available to him at the time the application is filed." *See Duron II*, 724 F. App'x at 793.

The inquiry, however, does not end there. Section 1255(c)(2) bars adjustment of status if the applicant "has failed (other than through no fault of his own or for technical reasons) to

5

maintain *continuously* a lawful status *since entry* into the United States." (emphasis added); *see also* 8 C.F.R. § 245.1(b)(6).[3] Under the implementing regulations, an individual with "lawful immigration status" is defined as "[a]n alien admitted to the United States in nonimmigrant status as defined in section 101(a)(15) of the Act, whose initial period of admission has not expired…" 8 C.F.R. § 245.1(d)(1)(ii). Lastly, 8 C.F.R. § 245.1(d)(3) states that "the departure and subsequent reentry of an individual who has not maintained a lawful immigration status *on any previous entry* into the United States does not erase the [§ 1255(c)(2)] bar to adjustment of status." (emphasis added).

## III.   DISCUSSION

The issue before the Court is whether an alien who failed to maintain lawful status during a prior entry to the United States is eligible for adjustment of status pursuant to INA § 1255(a)[4] and § 1255(c)(2), which requires the alien "to maintain continuously a lawful status *since entry* into the United States." INA § 1255(c)(2) (emphasis added). Plaintiff argues that the latter provision was not meant to mean "any entry" but, instead, "the most recent" or "immediately prior entry." The Court disagrees.

### A.   The Clear and Unambiguous Language of the Statute Establishes that Plaintiff is Ineligible for Adjustment of Status.

Plaintiff urges the Court to find that the § 1255(c)(2) bar to adjustment of status does not apply to an individual who has departed the United States and subsequently reentered under a grant of parole. Plaintiff argues that she was in lawful immigration status "since entry" because she filed her application to adjust status while she was under a grant of parole and that her prior period of

---

3 The § 1255(c)(2) bar to adjustment of status does not apply to certain specified special immigrants or those who qualify as immediate relatives. 8 U.S.C. § 1255(c)(2). Plaintiff concedes that she is neither a special immigrant nor an immediate relative as defined by the statute.
4 The parties do not dispute that Plaintiff meets § 1255(a)'s initial threshold criteria.

6

unlawful status should be disregarded. Here, the unambiguous language of the statute requires that an individual maintain continuous lawful immigration status since entry into the United States. INA § 1255(c)(2); *see also Duron II*, 724 F. App'x at 792 ("Although [plaintiff] departed and was subsequently paroled back into the United States … this did not cure his failure to maintain a lawful status in the United States since his arrival in 1997."). Plaintiff was first admitted to the United States on November 23, 2007. It is undisputed that Plaintiff overstayed her B-2 nonimmigrant visa as of May 23, 2008. From that period until her subsequent departure in September 2014, she was not in "lawful immigration status." 8 C.F.R. § 245.1(d)(1)(ii). As a result, Plaintiff failed to maintain continuously a lawful status since entry into the United States as required by the statute.

      The Court finds the analysis in *Duron I* instructive here. In that case, the plaintiff, a citizen of Honduras, entered the United States without inspection in December 1997. *Duron I*, 2016 WL 7217176 at *1. In April 2007, he was granted Temporary Protected Status ("TPS") and in July 2001, he married a lawful permanent resident. *Id.* In 2015, the plaintiff departed and reentered the United States under a grant of parole and subsequently filed an application to adjust his status to lawful permanent resident as the spouse of a lawful permanent resident. *Id.* at *1–2. USCIS denied his application because he was unlawfully present in the United States since his entry into the United States until his grant of TPS. *Id.* at *2–3. The court in *Duron I* declined to adopt the position that an "unambiguous grant of lawful status cures any perceived ineligibility for failure to continuously maintain lawful status under § 1255(c)(2)." *Id.* at *4. The Court finds no distinction between the plaintiff's failure to maintain continuous lawful status in *Duron I* and Plaintiff's failure here. In both instances, the applicant—prior to filing the application for adjustment of status—was in the United States without lawful immigration status. *See* INA § 1255(c)(2). Here

7

too, Plaintiff's grant of advance parole does not cure her period of unlawful status in the United States after the expiration of her visa. This finding is consistent with the law of this circuit as well as that of other circuits under similar circumstances. *See also Sheikh v. Holder*, 696 F.3d 147, n.2 (1st Cir. 2012) (noting alien was ineligible to adjust status under § 1255(c)(2) where he overstayed the expiration date of his nonimmigrant visa, even where he had an approved I-140 petition); *Young Dong Kim v. Holder*, 737 F.3d 1181, 1186 (7th Cir. 2013) (holding alien was ineligible to adjust status where alien failed to maintain continuous lawful status after his visa was terminated).

Plaintiff's period of unlawful status is not cured by her parole and subsequent reentry into the United States and, therefore, she cannot overcome § 1255(c)(2)'s bar to adjustment of status. Accordingly, USCIS properly determined that Plaintiff was statutorily ineligible to adjust status, and Plaintiff's action must be dismissed.

**B.    Alternatively, the USCIS Decision was Reasonable and is Entitled to Deference.**

Even if § 1255(c)(2) was silent or ambiguous, the Court finds that USCIS's interpretation is reasonable. If a statute is silent or ambiguous, *Chevron* indicates that the Court must still defer to the Agency's interpretation if it was reasonable or permissible. *Chevron*, 467 U.S. at 842–43. The agency interpretation does not need to be "the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts." *Entergy Corp.*, 556 U.S. at 218. Similarly, an agency's interpretation of its regulation is entitled to deference so long as it is not "plainly erroneous or inconsistent with the regulation." *Auer*, 519 U.S. at 461. Here, USCIS interpreted § 1255(c)(2)'s limitation on continuous lawful status "since entry" to include Plaintiff's first entry into the United States that resulted in a period of unlawful immigration status. *See* 8 C.F.R. § 245.1(d)(3). The Court concludes that the Agency's interpretation was reasonable in light of the statutory language.

8

Additionally, USCIS's determination that Plaintiff was ineligible for adjustment of status was not arbitrary and capricious but instead the result of a reasonable interpretation of the statute it was tasked with enforcing. Here, USCIS did not "rel[y] on factors which Congress has not intended it to consider, entirely fail[] to consider an important aspect of the problem, [or] offer[] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (setting forth grounds for determination that an agency decision was arbitrary and capricious).

Because the Court finds that the Agency decision was reasonable and entitled deference, it will not be disturbed and this action must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint for Judicial Review and Declaratory Relief [ECF No. 6] is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**.[5]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of April, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

5 The Endorsed Order issued on October 31, 2018, [ECF No. 20] inadvertently dismissed the Complaint *without* prejudice as opposed to *with* prejudice which is the correct action.